UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TRC Environmental Corporation,

                                Plaintiff,

   v.

Waterside Development Corp., and
Waterside Construction, L.L.C.,

                              Defendants.

COMPLAINT
Index No.

---

The Plaintiff, by its attorneys, Ganz Wolkenbreit & Siegfeld, LLP and The Adams Law Firm, LLC, for its Complaint against Defendant, respectfully shows the Court and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for breach of contract, and account stated relating to Plaintiff's provision of daily environmental remediation monitoring services.

## PARTIES

2.     The Plaintiff is, and at all times hereinafter mentioned was, a Connecticut corporation with its corporate headquarters located in Windsor, Connecticut.

3.     Upon information and belief, Defendant Waterside Development Corp. ("Waterside Development"), is, and at all times hereinafter mentioned was, a New Jersey corporation with its current principal place of business in Edgewater, New Jersey.

4.     Upon information and belief, Defendant Waterside Construction, LLC ("Waterside Construction") is, and at all times hereinafter mentioned was, a New Jersey limited liability company with its current principal place of business in Edgewater, New Jersey.

5.    Upon information and belief, Waterside Development and Waterside Construction (hereinafter collectively referred to as Defendants) are owned and operated by the same principal or group of principals.

## JURISDICTION AND VENUE

6.    This is an action sounding in diversity of citizenship for which this Court has jurisdiction under provisions of 28 U.S.C. §1331.

7.    The amount in controversy is in excess of $75,000.00 exclusive of interest and attorneys' fees.

8.    Venue is properly set in the District of New Jersey pursuant to U.S.C. §1391(b) as the events giving rise to the complaint occurred mostly within the District of New Jersey.

## FACTS

9.    The Plaintiff is in the business of providing cutting edge professional environmental consulting and engineering services to its customers nationwide.

10.    On information and belief Defendants, are real estate development and construction contractors and operate out of the same offices, using the same employees and personnel. The two Defendants work interchangeably on projects.

11.    Sometime in June 2012, Defendants were hired by the Borough of Edgewater to raise the grade of a recreational field located at 1167 River Road, Edgewater, New Jersey to construct baseball and soccer fields (hereinafter "the Project Site").

12.    After Defendants began work on the Project Site, it was discovered that Defendants had brought crushed concrete (to use as a subbase for the parking lot) onto the Project Site from another site that Defendants' principals owned.

13.     The crushed concrete was contaminated with Polychlorinated Biphenyls (PCBs). Consequently, litigation was commenced by the Borough of Edgewater against Defendants. A third-party, First Environment, was retained by the Borough to do the clean-up work.

14.     On or about October 14, 2014, Waterside Development retained Plaintiff pursuant to a written agreement to perform environmental remediation monitoring of First Environmental's efforts to clean up the Project Site (hereinafter "the Contract"). A copy the Contract is attached hereto as **Exhibit 1**.

15.     The Contract provided that Plaintiff would do daily monitoring as the Licensed Site Remediation Professional ("LSRP") for the Project Site. The monitoring work included keeping daily logs containing the number of workers, work accomplished, work stoppages, problems encountered, safety issues addressed and other relevant data.

16.     The Contract further provided that Plaintiff would bill for such services on a time and materials basis. Plaintiff proposed an initial estimated budget of $74,765 for the contemplated services. However, the Contract provided that "the estimated cost . . . is for budgetary purposes only and is based on [Plaintiff's] best judgment as to estimated cost of the Scope of Work. This estimate may change if additional work or any other services not specifically included in the Scope of Work are requested or required."

17.     Plaintiff began the Project Site monitoring on October 15, 2014.

18.     Plaintiff was on the Project Site every day that work was ongoing, taking pictures and making field notes in accordance with the Contract.

19.     In adhering to its normal business practices, Plaintiff began invoicing Defendants for its work in November 2014, and continued sending Defendants invoices until May 2015, when it ceased doing work. The invoice dates and amounts are set forth below and the actual invoices are attached hereto as **Exhibit 2**.

00088233.DOCX                                      3

| Invoice # | Date | Amount |
|-----------|------|--------|
| 135292 | November 19, 2014 | $19,981.03 |
| 138929 | December 26, 2014 | $21,500.12 |
| 141811 | January 29, 2015 | $17,007.70 |
| 143959 | February 19, 2015 | $20,846.23 |
| 147103 | March 26, 2015 | $26,782.63 |
| 149538 | April 22, 2015 | $16,032.59 |
| 151421 | May 12, 2015 | $5,970.98 |

20.     In February 2015, Plaintiff contacted Defendants to discuss the project and that the remediation by First Environmental was taking longer than anticipated. The parties participated in a conference call regarding those subjects on March 6, 2015.

21.     During the conference call, Plaintiff indicated to Defendants that, due to First Environmental's delays, a change order to reflect the additional necessary billings above the original estimated contract amount was required.

22.     Defendants agreed to the change order and asked Plaintiff to send one to them.

23.     At no point during the conference call did Defendants tell Plaintiff to stop work at the Project Site.

24.     Following the March 2015 conference call, Plaintiff sent the change order to Defendants via email on March 11, 2015.

25.     Plaintiff thereafter continued to provide monitoring services and invoiced Defendants accordingly for those continuing services.

26.     Plaintiff took over 2,500 photographs and recorded approximately 165 pages of field notes during the eight (8) months it was monitoring the Project Site.

27.     At no time after the March 2015 conference call did Defendants tell Plaintiff to cease working on the Project Site.

28.     Plaintiff fully performed its obligations under the parties' contract.

29.     Notwithstanding payment of its initial retainer of $10,000.00, which was made from a Waterside Construction account, Defendants have, to date, failed and refused to pay any of the invoices set forth in paragraph 16.

30.     Plaintiff followed up with Defendants on numerous occasions regarding the payment of invoices. In response, Defendants have not made any payments.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

31.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 22 as if set forth fully herein.

32.     The Contract between the parties constitutes a valid and binding agreement on Defendants to pay, at the rates indicated and reflected on Plaintiff's invoices, for the monitoring services Plaintiff provided on the Project Site.

33.     Plaintiff provided to Defendants good and valuable monitoring services in full performance of its contractual obligations.

34.     During the course of its representation of Defendants, Plaintiff provided invoices and statements to Defendants, which invoices and statements were received and retained by Defendants.

35.     The total account balance owed by Defendants for the unpaid invoices is $118,121.28.

36.     Despite repeated demands in writing by Plaintiff, Defendants have failed and refused to pay the account balance in breach of the parties' contract.

37.     Pursuant to the Contract terms, Defendants are also liable to Plaintiff for collection costs, reasonable attorneys' fees and pre-judgment interest charges computed at the rate of 1½% per month.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ACCOUNT STATED

38.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 22 as if set forth fully herein.

39.     Plaintiff provided to Defendants monthly invoices for work done on the Contract, which invoices showed the tasks performed, the charges for those tasks, and the total accumulated billing on the Contract.

40.     Defendants received such invoices and accepted them for a reasonable period of time without objection.

41.     By reason of the foregoing, Defendants are indebted to Plaintiff for account stated in the sum of $118,121.28.

## AS AND FOR A THIRD CAUSE OF ACTION FOR QUANTUM MERUIT

42.     Repeats and realleges each and every allegation set forth in paragraphs 1 though 22 as if set forth fully herein.

43.     Plaintiff provided valuable consulting and environmental monitoring services to Defendants.

44.     Defendants accepted the benefit of such services, without objection.

45.     The services rendered to Defendants, which remain unpaid, were rendered at a price which is fair and reasonable.

46.     As a result of Defendants failure and refusal to pay for all of the services and materials rendered, Defendants have been unjustly enriched and are liable, jointly and severally, to Plaintiff in *quantum meruit* for the amount of $118,121.28.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for breach of contract, account stated, and quantum meruit, in the sum of $118,121.28, with interest at the rate of 1.5% from June 12, 2015, plus reasonable attorneys fees, together with costs and disbursements as permitted by statute and such other and further relief as to the Court may seem just and proper.

DATED:  January 21, 2016

                        Yours, etc.

                        GANZ WOLKENBREIT & SIEGFELD, LLP

                        By: _____

                            Conor E. Brownell
                            NDNY Bar Roll No. 513716
                        Attorneys for Plaintiff
                        Office and Post Office Address
                        One Columbia Circle
                        Albany, NY 12203
                        (518) 869-9500

                        THE ADAMS LAW FIRM LLC

                        By: _____

                            Robert M. Adams, Esq.
                            NJ Bar Roll No.
                        Attorneys for Plaintiff
                        Office and Post Office Address
                        46 Elinora Drive
                        Wanaque, New Jersey 07465
                        (973) 809-8719

**PLAINTIFF DEMANDS TRIAL BY JURY**