## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRC ENVTL. CORP.,** | |
| **Plaintiff,** | Civ. No. 2:16-374 |
| **v.** | **OPINION** |
| **WATERSIDE DEV. CORP and WATERSIDE CONSTR., LLC,** | |
| **Defendants.** | |

By Opinion and Order dated July 24, 2018, the Court granted summary judgment for Plaintiff TRC Environmental Corporation ("Plaintiff"), holding that Defendant Waterside Construction, LLC ("Defendant") was in breach of contract (the "Contract") and dismissed its counterclaims and affirmative defenses. In entering judgment against Defendant, the Court also determined Plaintiff was entitled under the Contract to its fees and costs. ECF Nos. 30, 31. Now before the Court is Plaintiff's specification of its recoverable fees and costs and Defendant's objections to the same. ECF Nos. 32, 33. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons below, the Court will **GRANT in part** and **DENY in part** Plaintiff's proposed entry of final judgment against Defendant.

## I.     BACKGROUND

The Court writes solely for the parties and therefore recite facts that are necessary to entering final judgment.

As allowed in the Contract, Plaintiff's out-of-state counsel seeks attorney's fees totaling $26,356.50 as well as $65,240.00 in prejudgment interest. *See* Affidavit of Conor Brownell ¶ 6, ECF No. 32. The fee request includes billings for conducting client and local counsel communications, serving the Complaint, undertaking discovery, drafting motion papers, and traveling to New Jersey to attend depositions and participate in a settlement conference. Under the Contract, 1.5% per month interest would be added to Plaintiff's invoiced amounts more than 30 days past due. Compl., Ex. A, ECF No. 1-1.

As to attorney's fees, Defendant objects to certain tasks performed, arguing Plaintiff's choice to hire both in-state and out-of-state counsel contributed to the excessive amount. Specifically, Defendant highlights as excessive entries for out-of-state counsel's travel time, "service issues," communications with local counsel and a third-party attorney, and preparing the reply memorandum. Additionally, Defendant identifies two duplicative billing entries. Def.'s Letter 1, ECF No. 33. Defendant then objects outright to a proposed award of prejudgment interest. Finally, Defendant asks for an order compelling Plaintiff to turn over the work product it agreed to produce under the Contract. *Id.* at 2.

## II.    LEGAL STANDARD

"[A]ttorneys seeking fees must document the hours for which payment is sought with sufficient specificity to allow the District Court to determine whether the hours claimed are unreasonable for the work performed." *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quotation and citation omitted). "Once these records [are] submitted, the District Court [is] required to perform a 'positive and affirmative function in the fee fixing process.'" *See id.* at 361 (quoting *Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001)). This duty compels the Court "to review the time charged, decide whether hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *See id.* at 362 (quotation and citation omitted). The Court "retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." *See Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *N. Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 848 (N.J. 1999) (citation omitted). "In determining whether the fee request is excessive . . ., the [C]ourt will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *See Bell*, 884 F.2d at 713.

## III.    DISCUSSION

**Attorney's Fees**. The Court has a duty to assess the reasonableness of Plaintiff's fee request. Defendant's objections to client communications and preparation of the motion papers presumes Plaintiff' out-of-state counsel strove for reduced costs while maximizing productivity. But Plaintiff's counsel's objective was to prevail on the merits, not to save money. And both sides bore the risk of unsuccessful litigation.

After reviewing the Brownell Affidavit and Defendant's objections, the Court finds Plaintiff's billings adequately describe and justify the hours expended here. The entries demonstrate appropriate time spent on serving the Complaint as well as researching, drafting, editing, and communication activities. Even so, Plaintiff is not "automatically entitled to compensation for all the time its attorneys spent working on the case." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005) (quotation omitted). To that end, the Court will strike as redundant two duplicate billing entries totaling $450.00.

As to travel time, Defendant's objection has merit. Third Circuit precedent shows that "'under normal circumstances, a party that hires counsel from outside of the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel.'" *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir. 2008) (quoting *Interfaith Cmty. Org.*, 426 F.3d at 710) (vacating trial court's award to non-forum counsel of travel and expense costs). "However, where forum counsel are unwilling to represent plaintiff, such costs are compensable." *Id.* Absent here is anything to suggest forum counsel's unwillingness or inability to represent Plaintiff. Thus, the Court cannot award Plaintiff the $4,185.00 its outside counsel charged as travel time to the forum.

**Prejudgment interest**. The Contract allows Plaintiff to add 1.5% interest on invoiced amounts more than 30 days past due. *See* Compl., Ex. A. In a diversity action, "New Jersey law controls the question of whether pre-judgment interest is available." *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 773 (3d Cir. 1990). Based on equitable principles, a New Jersey court has discretion to award prejudgment interest on contract claims. *Cty. of Essex v. First Union Nat. Bank*, 891 A.2d 600, 608 (N.J. 2006).

Defendant denied Plaintiff use of its funds, so awarding prejudgment interest is appropriate. In applying equitable principles, the Court will adjust the prejudgment interest accrual beginning and end dates. *See Cty. of Essex*, 891 A.2d at 609. Apart from a making a down payment when executing the Contract, Defendant never remitted payment to Plaintiff for services rendered. The record shows Plaintiff first brought up the payment issue with Defendant almost four months after the first invoice became overdue. The parties then spent the next four months trying to resolve the matter. Five months after making its last payment demand, Plaintiff filed suit here.

Based on the parties' interactions during and after the Contract period, it would be inequitable to award prejudgment interest from Plaintiff's arbitrarily selected date, July 1, 2015, as well as from the date when the first invoice became overdue in December 2014. So the Court will award prejudgment interest from the date Defendant was formally served with process, February 23, 2016, to the motion return date, May 7, 2018. *See Devine Advanced Computer Concepts Inc.*, Civ. No. 08-875, 2009 WL 78158, *4 (D.N.J. Jan. 9, 2009) (citations omitted) (setting the service of process date as the date prejudgment interest beings to run); *Knights Franchise Sys., Inc. v. First Value RC, LLC*, Civ. No. 13-4976, 2017 WL 1170849, *4 (D.N.J. Mar. 29, 2017) (using the motion return date as the interest accrual end date). Plaintiff is thus awarded prejudgment interest in the amount of $46,892.53.[1]

## IV.   CONCLUSION

Accordingly, the Court **GRANTS in part** and **DENYS in part** Plaintiff's specification to recover its fees and costs. The Court will enter judgment in favor of Plaintiff TRC Environmental Corporation against Defendant Waterside Construction, LLC in the total amount of $186,735.31, comprised of (i) $118,128.28 for the unpaid principal balance, (ii) $21,721.50 in attorney's fees, and (iii) $46,892.53 in prejudgment interest. An appropriate judgment follows.

**Dated: August 21, 2018**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] The prejudgment interest figure is calculated by multiplying the principal balance of $118,121.28 by 18% per year, which equals $21,261.83 in interest per year. That amount is then divided by 365 days to equal $58.25 in interest per day. When the per diem interest of $58.25 is multiplied by 805 days (the time between the inclusive service of process and the motion return dates), the accrued interest owed equals $46,892.53.